*MR. CLAYTON-M. BERNARD-EX.*
By: Mr. Clayton-M. Bernard-Ex.
10120 W. Flamingo Rd, Ste 4-215
Las Vegas, NV 89147
Tel: 702-356-3066
Email: mr.claytonm.bernardex@gmail.com

*Petitioner* In Propria Persona;
and Attorney-in-fact for
*MR. CLAYTON-M. BERNARD-EX.*

# THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: **MR. CLAYTON-M. BERNARD-EX.**, Petitioner. | Case No.: [To Be Assigned]<br><br>**EMERGENCY PETITION FOR WRIT OF MANDAMUS**<br>(Pursuant to 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21)<br><br>Related to Appeal No. **25-3420**<br>Originating Court: U.S. District Court for the District of Nevada<br>Case No. **2:24-cv-02114-JAD-DJA**<br>Judge: Hon. Jennifer A. Dorsey |

# EMERGENCY PETITION FOR WRIT OF MANDAMUS
(Pursuant to 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21)

# INTRODUCTION

Petitioner, **Mr. Clayton-M. Bernard-Ex.**, appearing *In Propria Persona*, respectfully petitions this Court for issuance of a Writ of Mandamus compelling the United States District Court for the District of Nevada to:

Page 1 of 10

- Vacate all orders entered in violation of clearly established constitutional and international law;

- Acknowledge Petitioner's secured legal identity and diplomatic status;

- Dismiss all proceedings instituted without jurisdiction, verified complaint, or injured party.

Petitioner has no other adequate means of relief. This Petition arises from a years-long pattern of judicial misconduct, unlawful representation, and refusal to acknowledge Petitioner's recognized diplomatic position under international treaty.

## JURISDICTION

This Court has jurisdiction under **28 U.S.C. § 1651(a)**, which empowers the Courts of Appeals to issue **"all writs necessary or appropriate in aid of their respective jurisdictions."** The District Court has refused to apply settled constitutional principles and has entered ultra vires orders against Petitioner, violating his due process, international immunities, and treaty protections.

## RELIEF REQUESTED

Petitioner respectfully seeks a writ of mandamus directing the U.S. District Court for the District of Nevada to:

1. **Vacate the order dated January 28, 2025**;

2. **Acknowledge and enforce** Petitioner's **legal identity** and **name change order** entered in Clark County District Court (Case No. D-19-596866-N);

3. **Recognize Petitioner's diplomatic status** under international law and treaty;

4. **Disqualify any court-appointed counsel** who has acted without Petitioner's consent, particularly those named in active federal civil rights litigation (e.g., Case No. 2:24-cv-02195-BNW);

5. **Dismiss all lower court proceedings** initiated without valid jurisdiction, verified complaint, or identifiable injured party.

## STATEMENT OF FACTS

- Petitioner was **arrested and prosecuted on a recalled warrant**, without a sworn complaint or lawful process;

- His **name change was entered into the court record in 2019** but has been continuously ignored;

- The District Court **imposed representation** by attorneys currently named in Petitioner's **active federal civil rights lawsuit**;

- **No subject matter jurisdiction** was ever established in the lower court;

- Petitioner is a **recognized Diplomatic Ambassador and Plenipotentiary** of the Ethiopian World Federation, Intergovernmental Organization (EWF-IGO), since 2007—rights protected under international law;

- Petitioner's pro se filings were improperly blocked and reclassified, violating **Smith v. Barry**, 502 U.S. 244 (1992).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Mandamus Is Warranted Where No Other Adequate Remedy Exists**

Under **Cheney v. U.S. Dist. Ct. for D.C.**, 542 U.S. 367, 380 (2004), mandamus is appropriate where:

1. The petitioner has **no other adequate means of relief**;

2. The **right to issuance of the writ is clear and indisputable**;

3. The writ is **appropriate under the circumstances**.

Petitioner satisfies all three requirements. All lower courts have refused to correct procedural and constitutional violations. No alternative relief exists that can restore the status quo or protect the rights at issue.

**II. The Bauman Factors Support Mandamus Relief**

Under **Bauman v. U.S. Dist. Ct.**, 557 F.2d 650 (9th Cir. 1977), and **In re Mersho**, 6 F.4th 891, 897 (9th Cir. 2021), five factors determine whether mandamus should issue:

1. **No other adequate remedy exists**;

2. **Petitioner will suffer irreparable harm** not correctable on appeal;

3. The district court's order was **clearly erroneous as a matter of law** (e.g., *Faretta v. California*, 422 U.S. 806);

4. The error is **repetitive and systemic** (across dockets since 2017);

5. The issue is of **broad public and institutional importance** (jurisdiction, diplomatic immunity, civil rights).

All five Bauman factors weigh heavily in favor of issuance of the writ.

## III. Pro Se Filings Must Be Liberally Construed

Per **Smith v. Barry**, 502 U.S. 244, 248–49 (1992), and **Erickson v. Pardus**, 551 U.S. 89 (2007), pro se pleadings must be interpreted liberally and functionally. The February 28, 2025 filing must be deemed a valid notice of appeal, triggering this Court's jurisdiction.

## IV. International Law Prohibits Jurisdiction Over Recognized Diplomats

Petitioner is a diplomatic official of a sovereign intergovernmental organization and protected under:

- The **Vienna Convention on Diplomatic Relations**,

- Customary international law,

- The United States' ratification of such treaty obligations.

Refusal by the District Court to acknowledge Petitioner's immunity violates binding international norms and renders all rulings **void ab initio**. See **United States v. Enger**,

472 F. Supp. 490 (D.N.J. 1978) (affirming diplomatic immunity applies regardless of U.S. domestic objections when treaty status exists).

## **CONCLUSION**

Petitioner has no remedy except through this extraordinary writ. The District Court's refusal to recognize identity, jurisdictional limits, and diplomatic rights constitutes judicial misconduct and denies access to fundamental justice.

**WHEREFORE, Petitioner respectfully prays that this Honorable Court:**

- Issue a writ of mandamus immediately vacating the January 28, 2025 order;

- Direct the District Court to acknowledge Petitioner's legal name and diplomatic status;

- Strike all lower court proceedings initiated without proper jurisdiction or standing;

- Grant any other relief the Court deems just and proper in aid of its supervisory power.

Dated: **June 03 2025.**

        **Respectfully submitted**,

_____
**MR. CLAYTON-M. BERNARD-EX.**

By: Mr. Clayton-M. Bernard-Ex.

*Plenipotentiary, Ambassador, Special Envoy, and Attorney-in-fact.*

10120 W. Flamingo Rd, Ste 4-215

Las Vegas, NV 89147

Email: internalaffairs@sefaa-gov.us

Tel: 202.765.2230

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 21(d) and Ninth Circuit Rule 32-1, I certify that:

- This Petition for Writ of Mandamus complies with the word limitation set forth in Fed. R. App. P. 21(d);

- It contains **fewer than 7,800 words**, excluding the cover page, table of contents, table of authorities, certificate of compliance, and certificate of service, as counted using a word-processing system;

- It is prepared in a proportionally spaced typeface using **14-point Times New Roman** font and complies with the type-style requirements of Fed. R. App. P. 32(a)(5) and (6).

# CERTIFICATE OF SERVICE

I certify that on this 3rd day of June 2025, I served a true and correct copy of the forgoing **EMERGENCY PETITION FOR WRIT OF MANDAMUS (Pursuant to 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21**) through ACMS/CM/ECF Electronic Filing system (or. If necessary, by U.S. Mail, first class, postage (pre-paid), upon the following:

**DATED** this 3rd day of June 2025.

*[signature: By: Mr. Clayton-M. Bernard-Ex., UCC 1-308 All rights Reserved]*

**MR. CLAYTON-M. BERNARD-EX.**

By: Mr. Clayton-M. Bernard-Ex.

10120 W. Flamingo Rd, Ste 4-215

Las Vegas, NV 89147

Tel: 702-356-3066

Email: mr.claytonm.bernardex@gmail.com

***Appellant, In Propria Persona and Attorney-in-fact.***

## Appellee:

**STATE OF NEVADA**
Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701

# EXHIBIT A

# EXHIBIT A

Electronically Filed
11/19/2019 1:20 PM
Steven D. Grierson
CLERK OF THE COURT

ORDR

# DISTRICT COURT
# CLARK COUNTY, NEVADA

In the Matter of the Application of:

Clayton Mahola Bernard,

For Change of Name.

Case No.:

D-19-596866-N

Department: B

## ORDER FOR CHANGE OF NAME

UPON REVIEW of the verified Petition for Change of Name submitted by Clayton Mahola Bernard, the same having come before the above-entitled Court;

IT IS HEREBY ORDERED that the name of the Petitioner, who has resided in Clark County, Nevada since November 3, 2018 and intends to live in Clark County, Nevada indefinitely, be legally changed from:

(old) __Clayton__     __Mahola__     __Bernard__

   (first)                  (middle)                (last)

///

///

///

///

///

Non-Trial Dispositions:
☐ Other
☐ Dismissed - Want of Prosecution
☐ Involuntary (Statutory) Dismissal
☐ Default Judgment
☐ Transferred

Settled/Withdrawn:
☒ Without Judicial Conf/Hrg
☐ With Judicial Conf/Hrg
☐ By ADR

Trial Dispositions:
☐ Disposed After Trial Start    ☐ Judgment Reached by Trial

Case Number: D-19-596866-N

To (new) <u>Mr.</u> <u>Clayton-M.</u>      <u>Bernard-Ex.</u>

      (first)        (middle)        (last)

Dated this <u>19th</u> day of <u>November</u>, 20<u>19</u>.

_____

DISTRICT COURT JUDGE

**LINDA MARQUIS**

November 9, 2020

CERTIFIED COPY
ELECTRONIC SEAL (NRS 1.190(3))